UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRITTANY JOHNS, on her own behalf
and all similarly situated individuals,

    Plaintiff,

v.                                                            CASE NO.:

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., a Florida Profit Corporation, d/b/a
TRI COUNTY HOSPITAL, and JERRY E.
GILLMAN, Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BRITTANY JOHNS ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, CYPRESS HEALTH SYSTEMS OF FLORIDA, INC., a Florida Profit Corporation, d/b/a TRI COUNTY HOSPITAL ("CYPRESS") and JERRY E. GILLMAN, Individually, ("GILLMAN"), (collectively "Defendants"), and in support thereof states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29

U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Levy County, Florida.

5. At all times material hereto "CYPRESS" was a Florida Profit Corporation. Further, at all times material hereto, "CYPRESS" was engaged in business in Florida, with a principal place of business in Levy County, Florida.

6. At all times relevant to this action, "GILLMAN", who is the Registered Agent for "CYPRESS", was an individual resident of the State of Florida, who owned and operated "CYPRESS" and who regularly exercised the authority to: (a) hire and fire employees of "CYPRESS"; (b) determine the work schedules for the employees of "CYPRESS"; and (c) control the finances and operations of "CYPRESS"; "GILLMAN" is an employer as defined by 29 U.S.C. 201 et. seq.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendants, providing admission/patient services for Defendants, within the meaning of FLSA.

9. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

10. Defendants were, and continue to be an, "employer" within the meaning of FLSA.

11. At all times material hereto, Defendants were, and continue to be an, "enterprise engaged in commerce" within the meaning of FLSA.

12. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Defendants, which has up to seventy (70) employees, had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times hereto, Plaintiff was "engaged in commerce" and/or in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. The additional persons who may become plaintiffs in this action are/were hourly paid clerical workers of Defendants, who held similar positions to Plaintiff and who worked for Defendants in one or more work weeks and were not paid at least minimum wage for all hours worked and/or who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

18. At all times material hereto, the work performed by the Plaintiff was

directly essential to the business performed by Defendants as she provided the clerical services necessary to keep Defendant's operations going.

## STATEMENT OF FACTS

19. Defendants are a hospital that provide a full range of medical services to its patients including emergency room services, access to operating rooms, an outpatient geriatric program, a health clinic, laboratory services, and a blood bank.

20. On or about January 2011, Defendant hired Plaintiff to work as a non-exempt hourly paid "admissions clerk."

21. Plaintiff's duties included admitting patients, registering patients for out-patient procedures as well as handling collection accounts.

22. At various material times hereto, Plaintiff worked for Defendants five (5) days a week and sometimes in excess of forty (40) hours within a work week.

23. From at least August 1, 2011 and continuing through September 8, 2011, Defendant failed to compensate Plaintiff at all for the hours that she worked.

24. Plaintiff was paid for her work through July 30, 2011, but was not paid for the additional weeks that she worked until her termination on September 8, 2011.

25. After her termination, Plaintiff sought her unpaid wages from Defendants but was told by Defendants' representative that she would not be paid.

26. Defendants' failure to pay includes a failure to compensate Plaintiff at the requisite minimum wage rates as well as the rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the minimum wage rate as well as at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess

of forty (40) hours per week as required by the FLSA.

27. Defendant has violated Title 29 U.S.C. §206 and 207 from at least August 1, 2011 and continuing through September 8, 2011, in that:

    a. Defendants failed to pay Plaintiff at least minimum wage for all hours worked in violation of the FLSA and Article 24 of the Florida Constitution; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants failed to pay Plaintiff in accord with her employment agreement thereby breaching their contract with Plaintiff.

    d. Defendants have failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

29. On October 13, 2011, prior to the filing of this lawsuit, correspondence was sent on behalf of Plaintiff by Plaintiff's counsel via certified mail requesting Plaintiff be properly compensated so this matter could be resolved without Court involvement. Despite being delivered on October 17, 2011, Defendant has not responded to Plaintiff's counsel's request as of the date of this Complaint's filing.

## COUNT I
## MINIMUM WAGE VIOLATION UNDER FLSA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above, which states the Court's jurisdiction in this matter, a description of the Parties, and the Statement of Facts.

31. Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendants.

32. Defendants failed to pay Plaintiff minimum wage for each hour she worked for Defendant from August 1, 2011 through September 8, 2011.

33. Specifically, Plaintiff was not paid at all for the worked she performed from August 1, 2011 through September 8, 2011.

34. Plaintiff has both, during and after her employment, demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

35. Defendants had specific knowledge that they failed to pay Plaintiff at least minimum wages.

36. Defendants willfully failed to pay Plaintiff, and those similarly situated, the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

37. Defendants have not paid Plaintiff from August 1, 2011 and continuing through September 8, 2011, so she earned zero dollars for the hours worked, clearly less then the minimum wage required.

38. As a direct and proximate result of Defendants' deliberate underpayment

of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

39. Plaintiff, and those similarly situated, are entitled to not only their unpaid minimum wages but an equal amount in liquidated damages.

40. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES (STATE LAW)

41. Plaintiff, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 listing the Court's jurisdiction, a description of the Parties, and the Statement of Facts as if fully set forth herein.

42. Plaintiff and those similarly situated employees are/were entitled to be paid minimum wages for each hour worked during employment with Defendants.

43. Plaintiff and those similarly situated were not paid at all for their work for Defendants during one or more weeks of their employment.

44. Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution.

45. Defendants willfully failed to pay Plaintiff and those similarly situated employees minimum wages for one or more hours during their employment contrary to Article X, Section 24 of the Florida Constitution.

46. Plaintiff received no compensation for the work she performed for Defendants from August 1, 2011 through September 8, 2011, when such compensation was, and still is, due.

7

47. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

48. Plaintiff demanded payment both during and after employment, both on her own and through legal counsel, but Defendants have still failed to properly compensate her.

49. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage and an equal amount as liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

51. Plaintiff re-alleges and reavers the descriptions of Jurisdiction and the Parties as well as the Statement of Facts found within paragraphs 1 through 29 of the Complaint as if fully set forth herein.

52. From at least August 1, 2011 and continuing through September 8, 2011, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

53. Defendants paid Plaintiff nothing at all for her overtime work.

54. Plaintiff, and those similarly situated are/were entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

55. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

56. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

57. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

60. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

61. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with

more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT IV
## BREACH OF CONTRACT

62. Plaintiff reincorporates and readopts all allegations in the description of the Court's Jurisdiction, description of Parties, and Statement of Facts contained within Paragraphs 1-29 above.

63. Defendants agreed to pay Plaintiff, and those similarly situated, an hourly rate for the work performed for Defendants.

64. Plaintiff, and those similarly situated, agreed to these terms and conditions of employment-specifically duties and pay.

65. Plaintiff, and those similarly situated, then worked for Defendants in accord with their agreement.

66. Defendants failed to pay Plaintiff from August 1, 2011 and continuing through September 8, 2011.

67. Defendants' failure to pay constitutes a breach of the Parties' agreement.

68. As a result of Defendants' actions, Plaintiff seeks to recover her damages as a result of the breach.

69. Plaintiff demands a trial by jury.

## COUNT V
## DECLARATORY RELIEF

70. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-29 above, specifically the description of the Court's jurisdiction, description of

the Parties, and the Statement of Facts.

71. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

72. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

73. Plaintiff may obtain declaratory relief.

74. Defendants employed Plaintiff.

75. Defendants is an enterprise.

76. Plaintiff was individually covered by the FLSA.

77. Plaintiff is entitled to be paid minimum wage pursuant to state and federal law.

78. Defendants failed to pay Plaintiff minimum wage for one or more weeks of her employment.

79. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

80. Plaintiff is entitled to an equal amount of liquidated damages.

81. It is in the public interest to have these declarations of rights recorded.

82. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

83. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in

her favor and those similarly situated against Defendants:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b.    Awarding Plaintiff minimum wages in the amount due to her for Plaintiff's time worked in each work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and Article X, Section 24 of the Florida Constitution;

    e.    Awarding Plaintiff pre-judgment interest;

    f.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff minimum wages pursuant to the FLSA, Defendants failed to prove a good faith defense, Plaintiff is entitled to, minimum wage, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA.

    g.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 28 day of October, 2011.

Respectfully submitted,

_____
Richard B. Celler, Esquire
FL Bar No.: 173370
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: RCeller@forthepeople.com
Trial Counsel for Plaintiff